UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

CASSSANDRA MACVENN,          )
                             )
    Plaintiff,               )
                             )   Case No.
vs.                          )
                             )
TARGET CORPORATION,          )
                             )   **JURY DEMANDED**
    Defendant.               )

## **COMPLAINT AND JURY DEMAND**

NOW COMES the Plaintiff, CASSSANDRA MACVENN, by and through her attorneys, BARRICK, SWITZER, LONG, BALSLEY & VAN EVERA, and for her Complaint against the Defendant, TARGET CORPORATION, states as follows:

### **Preliminary Statement**

1. This is an action for violations of the Americans with Disabilities Act in regards to a failure to provide reasonable accommodations to Plaintiff Cassandra MacVenn pursuant to her disability.

### **Parties**

2. Cassandra MacVenn ("MacVenn") is an individual residing in Winnebago County, IL.

3. Target Corporation ("Target") is general merchandise retailer that owns and operates a distribution center located at 1111 Macom Drive, DeKalb, IL 60115.

4. The claims asserted herein arise from MacVenn's employment with Target.

**Jurisdiction**

5.  This Court has original jurisdiction over this case as this Complaint is predicated on violations of American with Disabilities Act against Target. A 90-day Notice of Right to Sue was issued by the EEOC on or about April 26, 2021, and received on or about May 11, 2021.

**Venue**

6.  Venue is proper in this Court under 28 U.S.C. 1391(b)(2) as a substantial part of the events giving rise to the claims asserted herein occurred in the Northern District of Illinois.

**Facts Common to all Counts**

7.  MacVenn was previously an employee of Target, and began her formal employment with Target on or about March 19, 2019, as a USS Team Member.

8.  MacVenn has a pre-existing disability to her lumbar spine stemming from a genetic condition and also a motor vehicle accident that occurred on March 1, 2016, which Target was aware of.

9.  MacVenn was placed in the decant department, which required her to bend and grab heavy totes continuously and placing them on a conveyor.

10. Due to constantly need to bend and grab totes, MacVenn's back condition was exacerbated, causing her increasing and debilitating pain.

11. As a result of her disability, MacVenn requested from her supervisor and human resources to be transferred to the induct department, which did not require heavy labor and would allow her to accommodate her disability.

12. In August of 2019, MacVenn's physician from the Center for Pain Control placed MacVenn on light duty of no lifting greater than 50 pound due to her increasing back pain, and

diagnosed her with lumbar radiculopathy and inflammatory spondylopathy. MacVenn physician also recommended that she be transferred to a different department.

13. Due to MacVenn's increasing back pain, she applied for FMLA and extended leave, which was denied on August 15, 2019, as a result of her not being eligible.

14. Despite MacVenn's disability and request for transfer, Target refused to accommodate this request, and stated that her only option was to utilize short term disability, which MacVenn did for approximately a month and a half.

15. Due to remaining in the decant department after returning from short term disability in October of 2019, MacVenn's back condition worsened to the point she was unable to work as of March 4, 2020, due to not being able to perform her employment duties without reasonable accommodation.

16. Even though MacVenn continued to request from Target that she be transferred to the induct department, Target refused this request, and sent MacVenn a correspondence dated March 18, 2020, that her employment would be terminated if she did not return back to her normal shift March 25, 2020. MacVenn did not receive this correspondence until March 26, 2020.

17. Due to MacVenn's disability and Target's failure to provide MacVenn with any reasonable accommodations, she was terminated from her position at Target on or about March 25, 2020.

### COUNT I: Violation of Americans with Disabilities Act Title I

18. Plaintiff restates and re-alleges the allegations contained in paragraphs 1-17 of the Complaint and incorporates those allegations as if fully set forth herein.

19. Pursuant to 42 U.S.C. § 12102(1)(A), Plaintiff qualifies as a disabled individual under the American with Disabilities Act.

20. That in direct violation of 42 U.S.C. § 12112(b), Target discriminated against Plaintiff by performing one or more of the following intentional acts or omissions:

   a. Limiting, segregating, or classifying Plaintiff in a way that adversely affected the opportunities or status of Plaintiff because of her disability;

   b. Utilizing improper standards, criteria, or methods of administration that had the effect of discrimination against Plaintiff on the basis of her disability;

   c. Failing to make reasonable accommodations for Plaintiff based on her disability;

   d. Utilizing improper qualification standards in order to screen out Plaintiff from reasonable accommodations based on her disability;

   e. Failing to engage in an interactive process with Plaintiff to determine the accommodations available for her;

   f. Terminating Plaintiff due to her disability;

   g. Failing to administer any tests on Plaintiff in order to determine the reasonable accommodations necessary for her based on her disability; and/or

   h. Failing to otherwise to provide reasonable accommodations for Plaintiff pursuant to the American with Disabilities Act.

21. That based on Target's actions in this matter, there has been a clear violation of Title I of the American with Disabilities Act, due to Target's failure to provide and/or attempt to provide Plaintiff with reasonable accommodations.

WHEREFORE the Plaintiff, CASSANDRA MACVENN, respectfully requests this Honorable Court enter an Order awarding Plaintiff in excess of $50,000.00 in compensatory

damages, back-pay and ongoing front-pay, punitive damages based on Target's malice or reckless indifference, and attorney's fees/costs.

## JURY DEMAND

Plaintiff, CASSANDRA MACVENN, hereby requests a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

CASSANDRA MACVENN, PLAINTIFF

By: /s/ Mohit Khare
Mohit Khare

Mohit Khare
Barrick, Switzer, Long, Balsley & Van Evera, LLP
6833 Stalter Drive
Rockford, IL, 61108
815-962-6611
mkhare@bslbv.com